UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TWENTY FIRST CENTURY**
**COMMUNICATIONS, INC.,**

      **Plaintiff,**                                 Case No. 2:09-cv-1118
                                                        JUDGE GREGORY L. FROST
      **v.**                                               Magistrate Judge Norah McCann King

**TECHRADIUM, INC.,**

      **Defendant.**

### OPINION AND ORDER

This matter is before the Court for consideration of a combined motion to dismiss or transfer filed by Defendant, TechRadium, Inc. (Doc. # 7), a memorandum in opposition filed by Plaintiff, Twenty First Century Communications, Inc. (Doc. # 10), and a reply memorandum filed by TechRadium, Inc. (Doc. # 12).[1]  For the reasons that follow, the Court finds the motion only partially well taken and transfers the case to the United States District Court for the Southern District of Texas, Houston Division.

### I.  Background

Plaintiff, Twenty First Century Communications, Inc. ("TFCC"), is an Ohio corporation with its principal place of business in Columbus, Ohio.  TFCC is in the business of serving the utility industry with telecommunication services such as a notification system designed to deliver

---

[1] The Court notes that TechRadium also filed a correction to the reply memorandum and a correction to the affidavit of John F. Rodkey, Jr. that was attached to the reply memorandum. (Docs. # 13, 14.)  Neither of these corrections changed the substance of the reply memorandum or the affidavit.

targeted messages to selected groups of customers via TFCC's Universal Communications System.  Defendant, TechRadium, Inc. ("TechRadium"), is a Texas corporation with its principal place of business in Sugar Land, Texas.  TechRadium is also in the business of telecommunication services and operates IRIS (Immediate Response Information System), a mass notification system designed to allow an administrator to send one targeted message via various information channels to members of a selected group.

TFCC filed its complaint on June 7, 2010, alleging false advertising under the Lanham Act and seeking a declaratory judgment that TechRadium's U.S. Patent No. 7,624,171 ("the '171 patent"), issued on November 24, 2009, is invalid.  (Doc. # 2.)  TechRadium then filed a combined motion to dismiss or transfer pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3) on the ground that the '171 patent is a child of a patent at issue in a pending infringement action in Texas and should therefore have been a compulsory counterclaim to that action.  (Doc. # 7.)  Alternatively, TechRadium argues that the Court should transfer the instant action pursuant to 28 U.S.C. § 1404.

On September 14, 2009, TechRadium commenced a patent infringement action against TFCC and other defendants in the United States District Court for the Eastern District of Texas, Marshall Division, Case No. 2:09-cv-00275-TJW ("the Texas action").  (Doc. # 7-1.)  At issue in the Texas action were three patents: U.S. Patent No. 7,130,389 ("the '389 patent"), issued October 31, 2006, U.S. Patent No. 7,496,183 ("the '183 patent"), issued February 24, 2009, and U.S. Patent No. 7,519,165 ("the '165 patent"), issued April 14, 2009.  *Id.*  The '389 patent is the parent to both the '183 patent and the '165 patent.  *Id.*  TechRadium asserts that IRIS incorporates claims included in each of the patents.  *Id.*  On April 29, 2010, the Texas action was

transferred to the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1404(a) and is still pending. (Doc. # 7-2.)

TFCC filed a memorandum in opposition on June 7, 2010, arguing that the declaration of invalidity should not be considered a compulsory counterclaim to the Texas action because the '171 patent was not issued until three months after the Texas action commenced and is of a different scope than the patents at issue in Texas. (Doc. # 10.) TechRadium then filed a reply memorandum arguing that even if venue is proper, transfer is warranted under 28 U.S.C. § 1404 because the '171 patent, as a child of the '389 patent, is inextricably linked to the patents at issue in the Texas case, the '389 parent patent and the '183 and '165 child patents. (Doc. # 12.) The motion to dismiss or transfer is now ripe for disposition.

## II. Discussion

### A. Standards Involved

#### 1. Lack of Subject Matter Jurisdiction

Rule 12(b)(1) provides that an action may be dismissed for lack of subject matter jurisdiction. Under the Federal Rules of Civil Procedure, "[p]laintiffs have the burden of proving jurisdiction in order to survive a Rule 12(b)(1) motion . . . ." *Weaver v. Univ. of Cincinnati*, 758 F. Supp. 446, 448 (S.D. Ohio 1991) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)). *See also Rapier v. Union City Non-Ferrous, Inc.*, 197 F. Supp. 2d 1008, 1012 (S.D. Ohio 2002) (citing *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913,

915 (6th Cir. 1986)) ("The plaintiff bears the burden of establishing, by a preponderance of the evidence, the existence of federal subject matter jurisdiction").

Rule 12(b)(1) motions to dismiss based upon a lack of subject matter jurisdiction generally come in two varieties, either facial or factual attacks on the complaint. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 2004). A facial attack on the subject matter jurisdiction alleged by a complaint merely questions the sufficiency of the pleading. *Id.* In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, a similar safeguard employed under Rule 12(b)(6) motions to dismiss. *Id.* On the other hand, when a court reviews a complaint under a factual attack, no presumptive truthfulness applies to the factual allegations. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). *See also Nat'l Ass'n of Minority Contractors v. Martinez*, 248 F. Supp. 2d 679, 681 (S.D. Ohio 2002). As a result, this Court may weigh the evidence and resolve any factual disputes when adjudicating such a jurisdictional challenge. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 2004) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).

### 2. Improper Venue

TechRadium also moves to dismiss pursuant to Rule 12(b)(3), which provides that a defendant can raise by motion the defense of "improper venue." Once a defendant raises the defense of improper venue, those district courts in this Circuit that have addressed the issue have generally assigned the plaintiff the burden of establishing that venue is proper for each claim asserted in the complaint. *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1046 (S.D. Ohio 2002); *NCR Corp. v. Gartner Group, Inc.*, No. C-3-96-121, 1997 WL 1774881,

at *3 (S.D. Ohio 1997).  *But see* 2 James W. Moore, *Moore's Federal Practice* §12.32[4], at 12-50.1 (3d ed. 2003) ("Generally, the party challenging venue has the burden of proving its impropriety"); 17 James W. Moore, *Moore's Federal Practice* §110.01[5][c], at 110-22 to 110-22.1 (3d ed. 2003) (collecting several Sixth Circuit district court cases adopting this approach). This Court regards such assignment with suspicion, given the nature of the affirmative defense being asserted, but notes that even an erroneous assignment of the burden in this case would be harmless given the analysis that follows.  *See Johnson v. Frederick and Lewis Timber and Equip. Co.*, 181 F.3d 101, 1999 WL 313876, at *2 (6th Cir. 1999) (unpublished table decision) (identifying improper venue as an affirmative defense); *United States v. 31,200 Talwin 50 mg Tablets & Various Other Controlled Substances*, 812 F.2d 1409, 1987 WL 36256, at *1 (6th Cir. 1987) (unpublished table decision) (same).

     More clear is that a district court may in its discretion choose to dispose of a motion to dismiss for improper venue upon written submissions alone or by conducting an evidentiary hearing.  *Centerville ALF, Inc.*, 197 F. Supp. 2d at 1046.  *Cf. Serras v. First Tennessee Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989) (motion to dismiss for lack of personal jurisdiction can be decide based on written submissions or through an evidentiary hearing).  If the district court decides the motion without a hearing, the " 'plaintiff must present only a *prima facie* showing of venue,' " *Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1355 (11th Cir. 1990) (quoting *Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988)), and the court " 'must consider the pleadings and affidavits in the light most favorable to the plaintiff.' " *Serras*, 875 F.2d at 1214 (6th Cir. 1989) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980), *cert. denied*, 450 U.S. 981 (1981)).

### 3. Transfer of Venue

Even if venue is proper, a transfer of venue is appropriate under 28 U.S.C. § 1404(a), which provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A district court has discretion whether to transfer venue. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

The Sixth Circuit has stated that in deciding whether to transfer a case, "a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.' " *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). The movant bears the burden to demonstrate that the balance of factors strongly favors transfer. *Hanning v. New England Mut. Life Ins. Co.*, 710 F. Supp. 213, 214 (S.D. Ohio 1989). Private interest factors of the parties include " 'the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive.' " *Hanning*, 710 F. Supp. at 214 (quoting *Gilbert*, 330 U.S. at 508).

Transfer is inappropriate if it merely shifts the burden of inconvenience. *See Reed Elsevier, Inc. v. Innovator Corp.*, 105 F. Supp. 2d 816, 821-22 (S.D. Ohio 2000). There is thus a strong presumption in favor of a plaintiff's choice of forum that "may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." *Piper*

*Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). *See Trustar Funding v. Mruczynski*, No. 1:09-cv-01747-CAB, 2010 WL 1539759, at *10 (N.D. Ohio Mar. 30, 2010) (" 'Plaintiff's choice of forum should be given 'great' or 'substantial' weight when considering whether to transfer a case under § 1404(a).' " (quoting *U.S. v. Cinemark USA, Inc.*, 66 F. Supp. 2d, 881, 888 (N.D. Ohio 1987))). A plaintiff's choice of forum is given little weight " 'where none of the conduct complained of occurred in the forum selected by the plaintiff.' " *Keybanc Capital Markets v. Alpine Biomed Corp.*, No. 1:07 CV 1227, 2008 WL 828080, at *7 (N.D. Ohio Mar. 26, 2008) (quoting *Edmison v. Vision Inv. & Dev., LLC*, No. 1:06 CV 1108, 2006 WL 3825149, at *5 (N.D. Ohio Dec. 26, 2006)).

### B. Analysis

TechRadium moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3) on the ground that the '171 patent should have been a compulsory counterclaim in a current pending action in Texas involving its parent patent. TechRadium also argues that even if venue is proper in this Court, transfer to the Southern District of Texas, Houston Division, is warranted under 28 U.S.C. § 1404. TFCC responds that TechRadium waived its defense of personal jurisdiction by not raising it in the Rule 12 motion, thereby establishing venue.

### 1. Venue

The Federal Rules of Civil Procedure provide that "[a] defense of lack of jurisdiction over the person [or] improper venue . . . is waived if omitted from a motion in the circumstances described in subdivision (g)." Fed. R. Civ. P. 12(h)(1). Rule 12(g) in turn provides that "[i]f a party makes a motion under this rule but omits therefrom any defense or objection then available

to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted." TFCC argues that because TechRadium "challenged subject matter jurisdiction under Rule 12(b)(1) and venue under Rule 12(b)(3) but did not challenge this Court's personal jurisdiction over TechRadium under 12(b)(2) . . . TechRadium has waived its ability to challenge the Court's jurisdiction over it." (Doc. # 10, at 7).

By extension, not challenging personal jurisdiction in a motion to dismiss challenging venue concedes personal jurisdiction, which in turn establishes venue. *New York v. Am. Elec. Power Serv. Corp.*, No. 2:05-cv-00360-EAS-TPK, 2006 WL 840390, at *3 (S.D. Ohio Mar. 29, 2006). In a federal question case, such as the instant action, venue is established where the defendant resides; for a defendant corporation, "resides" means where the corporation is subject to personal jurisdiction. 28 U.S.C. §§1391(b)-(c). This Court has previously determined that a defendant who has "waived, or forfeited, a challenge to personal jurisdiction" concedes personal jurisdiction and is therefore "deemed to reside in Ohio, which establishes venue." *Id.* at *5. *See also Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1047-48 (S.D. Ohio 2002) ("Having conceded that this Court has personal jurisdiction over it for each Plaintiff's claims, by virtue of its failure to raise a 12(b)(2) defense, Defendant is deemed to reside in the Southern District of Ohio for purposes of venue.").

TechRadium filed a Rule 12 motion challenging subject matter jurisdiction and venue. Under the foregoing rationale, TechRadium's failure to also challenge personal jurisdiction in its Rule 12 motion would effectuate a waiver, thereby establishing venue.

Even assuming *arguendo* that TechRadium did not invalidate its venue challenge, the theory of a compulsory counterclaim is not well taken. If an invalidity claim is directed toward the exact patent at issue in a separate infringement claim, then the invalidity claim would be a compulsory counterclaim. *See Polymer Indus. Prod. Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 938 (Fed. Cir. 2003) ("Rule 13(a) makes an infringement counterclaim to a declaratory judgment action for noninfringement compulsory."); *Vivid Tech. Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 802 (Fed. Cir. 1999) ("[I]t is generally recognized that when the same patent is at issue in an action for declaration of non-infringement, a counterclaim for patent infringement is compulsory."). That is not true of the instant case where the '171 patent is not one of the patents at issue in the Texas action.

Because TechRadium conceded personal jurisdiction, thereby establishing venue, and because the declaration of invalidity is not a compulsory counterclaim, the Court **DENIES** TechRadium's motion to dismiss pursuant to Rule 12(b)(3).

### 2. Transfer

The invalidity claim of the '171 patent is at least a permissive counterclaim in the Texas action. Because there is no dispute that TFCC could have brought this action in the Southern District of Texas, Houston Division, the Court moves directly to the case-specific factors of the transfer analysis.

First, the Court finds that the location of the complained-of activity weighs in favor of transfer. TechRadium asserts through affidavit that its operations and all employees are located in Sugar Land, Texas. (Doc. # 12-1, Rodkey Decl. ¶¶ 7, 10.) In addition, the advertising, press

releases, and other documents regarding the IRIS technology are generated and maintained in Texas. *Id.* TFCC does not dispute that TechRadium's operations are located in Texas or that its advertising is generated and maintained in Texas; rather TFCC's contention is that TechRadium advertised nationally.

Although, as noted above, a plaintiff's choice of forum is usually awarded high deference, that is but one factor in the analysis and is not alone dispositive. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 413 (6th Cir. 1998). This Court is also cognizant that a plaintiff's choice of forum is given less weight where none of the complained-of activity occurred in the plaintiff's choice of forum. *Keybanc Capital Markets*, 2008 WL 828080, at *7. Accordingly, the Court finds that although TFCC's choice of forum obviously weighs in TFCC's favor, the undisputed fact that nearly if not all of the complained-of conduct occurred in the transfer forum weighs in favor of transfer.

Second, in reviewing the private interest factors, including the location of sources of proof, the convenience of witnesses, and judicial economy, the Court finds these factors weigh in favor of transfer. TechRadium asserts through affidavit that all documents, employees, and any evidence to be produced regarding its mass notification system are located in Texas. (Doc. # 12-1, Rodkey Decl. ¶¶ 7, 10.) TFCC does not dispute that any sources of proof of the validity of the '171 patent or that any employees with knowledge of the technology are located in Texas. Accordingly, the Court finds these factors weigh in favor of transfer.

The Court also finds that the factor of judicial economy in this case weighs in favor of transfer. The '171 patent is the child patent of the patent at issue in pending litigation in Texas

between the same parties. (Doc. # 7, at 2.) TechRadium's IRIS technology is protected by both the '171 and '389 patents. *Id.* at 4. It stands to reason that discovery related to the '171 and '389 patents would both involve determining what the technology of IRIS actually entails. Additionally, the Texas action was transferred from the Marshall Division to the Southern District of Texas, Houston Division under a § 1404 analysis because an action involving the '389 patent was already pending and "procedurally further along" in the Houston Division. *TechRadium, Inc. v. Athoc, Inc.*, No. 2:09-cv-275-TJW, 2010 WL 1752535, at *1 (E.D. Tex. Apr. 29, 2010). Because the pending actions in Texas and the instant action all involve IRIS and its mass notification technology, the factor of judicial economy weighs in favor of transfer.

Last, the public interest factors weigh in favor of transfer. There are two current pending actions in Texas in which TechRadium claimed infringement of IRIS and the '389 patent. *TechRadium, Inc.*, 2010 WL 1752535, at *1; *TechRadium Inc. v. Blackboard Connect, Inc.*, No. 2:08-cv-00214-TJW, 2009 WL 1152985, at *1 (E.D. Tex. Apr. 29, 2009). TFCC is a defendant to the most recent of TechRadium's infringement actions in Texas, Case No. 2:09-cv-275-TJW. Not discounting the fact that Ohio may have an interest in such litigation, this Court finds that Texas has a more substantial interest in this particular action because both parties are already involved in related pending litigation in the Southern District of Texas.

In sum, the only factor not favoring transfer is TFCC's choice of forum. All of the likely sources of proof are in Texas. All of the TechRadium's employees are in Texas. Nearly if not all of the conduct related to IRIS occurred in Texas. Discovery in the instant action is likely to overlap with discovery in both Texas actions. Judicial economy favors transfer because the current pending litigation in Texas involves IRIS and the parent patent to the '171 patent. Texas

11

also has a more substantial interest in the litigation due to the pending cases involving the '389 patent, one of which involves both parties to the instant action.  Having found the balance of factors to weigh in favor of transfer, the Court **GRANTS** TechRadium's motion to transfer and **DENIES AS MOOT** the Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

### III.  Conclusion

For the foregoing reasons, Court **DENIES** TechRadium's motion to dismiss pursuant to Rule 12(b)(3), **DENIES AS MOOT** TechRadium's motion to dismiss pursuant to Rule 12(b)(1), **GRANTS** TechRadium's motion to transfer, and **TRANSFERS** the case to the United States District Court for the Southern District of Texas, Houston Division.  (Doc. # 7.)  The Clerk shall therefore transfer this case to the United States District Court for the Southern District of Texas, Houston Division.

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE